NOT PRECEDENTIAL – NOT FOR PUBLICATION

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

VELSINA GEORGE et al.,              )
                                    )
                  Plaintiffs,       )
v.                                  )
                                    )
VIRGIN ISLANDS HOUSING FINANCE      )
AUTHORITY, THE UNITED STATES OF     )          CIVIL NO. 1997/0177
AMERICA, for HOUSING AND URBAN      )
DEVELOPMENT, RURAL                  )
DEVELOPMENT FORMERLY,               )
FARMERS HOME ADMINISTRATION,        )
and CAPITAL DEVELOPMENT, INC.,      )
CAPITAL INTERNATIONAL, MED CO.,     )
WILLIAM CHAPPELL, MIKE VECCHIO,     )
HERBERT GEARTNER, and MARK          )
KULMER, XYZ CORPORATIONS,           )
                                    )
                  Defendants.       )
_____)

## MEMORANDUM OPINION

Finch, J.

THIS MATTER comes before the Court on the Motions to Dismiss filed by the United

States Department of Housing and Urban Development (HUD) and Rural Development, a

subagency of the United States Department  formerly known as Farmers Home Administration,

(FmHA).  Plaintiffs, who oppose such motions are homeowners or occupants of homes

constructed in Estate St. George.

I.       **Background**

FmHA, a sub-agency of the United States Department of Agriculture, provided low-

income mortgages to many homeowners of St. George Villas in Estate St. George, St. Croix,

Virgin Islands.  Third Am. Compl., ¶ 77.  HUD guaranteed a number of the mortgages.  Id., ¶ 77.

 HUD also approved the site for construction of homes approved for mortgage insurance or

guaranty insurance.  Id., ¶ 75.  HUD and FmHA both approved the homes as having been

acceptably constructed.  Id., ¶ 79.

> According to Plaintiffs,
>
> the houses were inferiorly constructed to include but not limited to no or
> insufficient foundations, improper soil preparation, no or insufficient rebar in the
> foundation, the electrical wiring was not correctly done, and in general all
> construction was improperly done and was not to even minimum standards.
> These defects resulted in the homes not meeting the HUD/FmHA specifications.

Third Am. Compl., ¶ 81.


## II.     Standard of Review

In considering Defendants' Motions to Dismiss, the Court accepts as true the allegations

in the Third Amended Complaint, drawing all reasonable inferences in favor of the Plaintiffs.

See Francis v. Mineta, __ F.3d __, 2007 WL 2938696 at *1, n.1 (3d Cir. Oct. 10, 2007).  The

Court will grant Defendants' motions only if it is clear that no relief could be granted under any

set of facts that could be proven consistent with the allegations in the Third Amended Complaint.

Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).


## III.    Negligent Warranty and Communication of Inspection Results

Plaintiffs assert that HUD negligently "warranted that the homes were constructed in

compliance with its plans and technical requirements and in accordance with standards of quality

as measure[d] by acceptable trade practices."  Id., ¶¶ 91, 92.  Plaintiffs also accuse FmHA of

negligently inspecting their homes and erroneously finding them to have been constructed in

2

accordance with the prescribed standards.  Id., 97-98.

Plaintiffs bring such claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §
2671-2680, which constitutes a limited waiver of the federal government's sovereign immunity
against private suits."  Muniz-Rivera v. United States, 326 F.3d 8, 12 (1st Cir. 2003) (quotation
omitted).  The waiver does not attach when the claim arises out of "misrepresentation, deceit, or
interference with contract rights."  28 U.S.C. § 2680(h).  The misrepresentation exception
"exclude[s] claims arising out of negligent as well as deliberate, misrepresentation,"  United
States v. Neustadt, 366 U.S. 696, 702 (1961), along with failures of communication.  Muniz-
Rivera, 326 F.3d at 13.

In Muniz-Rivera v. United States, the First Circuit Court of Appeals held that the
government's assurances, through their approving, financing, and monitoring housing projects,
and their failure to warn plaintiffs of the likelihood of future harm, fell within the
misrepresentation exception.  Plaintiffs' claims boiled down to either mis-communication or
non-communication of the information in question.  Id.

Plaintiffs' negligent inspection claims were also barred by the misrepresentation
exception:

> The plaintiffs also accuse the government of negligently inspecting their homes
> and failing to detect the likely problems associated with future flooding. These
> claims are likewise precluded by the misrepresentation exception. A negligent
> inspection, in and of itself, cannot cause injury. Harm can occur (and, thus,
> liability can attach) only if the inspection leads either to the communication of
> inaccurate information or to a failure to communicate precautionary information.
> This takes us full circle-and brings the negligent inspection claims within the
> purview of the misrepresentation exception.

Muniz-Rivera, 326 F.3d at 13 -14 (1st Cir. 2003)

As to the Estate St. George Plaintiffs, any representations that HUD or FmHA made in warranting that the homes were properly constructed or in failing to notify them concerning the noted defects fall within the misrepresentation exception to the FTCA.  To the extent that HUD or FmHA conveyed the results of negligent inspections to Plaintiffs, HUD and FmHA are also immune from liability under the FTCA.  However, to the extent that Plaintiffs, by alleging negligent inspection, contend that HUD or FmHA did not use due care in ensuring that the builder adhere to previously approved plans and cure all defects before completing construction, Plaintiffs' claim is not barred by the misrepresentation exception.  See Block v. Neal, 460 U.S. 289, 297-98 (1983).  This is more akin to a negligent supervision claim and is addressed in the next section.

## IV.     Negligent Inspection and Supervision Claim

Plaintiffs allege that the FmHA "undertook the duty to inspect the homes as having been constructed in compliance with its technical plans and specification and the minimum standards prescribed." Third Am. Compl. ¶ 97.  According to Plaintiffs, "FmHA breached the standard of care in that duty in that the homes were not constructed in substantial compliance with" such plans and specifications.  Id., ¶ 98.  Plaintiffs argue that they are also claiming that HUD and FmHA negligently supervised the construction, although the Third Amended Complaint does not explicitly make such allegations.  The Court will liberally construe the Plaintiffs' Third Amended Complaint as charging HUD and FmHA with negligent supervision as well as negligent inspection.

This conduct falls under another exception to liability under the FTCA – the discretionary

4

function exception.[1]  The discretionary function exception insulates the United States against
"[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a
discretionary function or duty on the part of a federal agency or an employee of the Government
whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  The discretionary
function exception applies when the conduct itself is discretionary and the exercise of discretion
involves, or is susceptible to, policy related judgment.  Muniz-Rivera, 326 F.3d at 15.

 For administrative action to be non-discretionary, there must be "a specific and directly
applicable prescription."  Id. at 16.  In Muniz-Rivera, the court considered FmHA's role
regarding the duty to supervise construction: "Although [the regulations] intimate that FmHA
officials are under an obligation to ensure that borrowers' homes meet certain technical
construction standards, they neither direct the manner in which the supervision is to be carried
out nor specify the taking of the actions that the plaintiffs claim would have prevented their
plight."  Id.  The court concluded that "[b]ecause the plaintiffs point to no applicable statute,
regulation, or policy bearing the requisite degree of specificity, . . . the conduct complained of
was discretionary."  Id.

 As in Muniz-Rivera, Plaintiffs here point to no statutory or regulatory provision that
requires inspection or supervision.  Moreover, there is no prescribed manner in which HUD or
FmHA must inspect or supervise.  Therefore, the conduct is within the purview of agency
discretion.

 The second question, whether the discretionary conduct is grounded in policy, is also

---

[1]  In Block v. Neal, 460 U.S. 289, 294 (1983), the Supreme Court noted that it had not
been called upon to consider whether recovery for a negligent supervision claim was barred by
the discretionary function exception.

answered in the affirmative.  "There is a presumption that it is."  Id. at 17.  None of Plaintiffs'

allegations or  arguments undermine that presumption:

> The driving force behind these claims is the notion that the federal government
> did not do enough-but such hypothesized interventions, virtually by definition,
> involve examination of priorities and determinations of need that are at the heart
> of policy-making. In a world of finite public resources, government officials must
> weigh competing considerations in the selection, location, and outfitting of
> housing projects. While such decisions are often difficult to make (and easy to
> criticize in hindsight), they are clearly susceptible to policy analysis.  For these
> reasons, courts have acknowledged the central role of policy considerations in
> implementing government loan programs and have held that the discretionary
> function exception shields the government from FTCA claims in similar
> circumstances.

Id. at 17.

Because the government's conduct in negligently inspecting and supervising the planning

and construction of Plaintiffs' homes constitutes discretionary conduct and is grounded in policy,

Plaintiffs' claims are barred by the FTCA's discretionary function exception.

## V.     Failure to Notify of the FmHA's and HUD's Authority to Make Expenditures

Plaintiffs allege that FmHA and HUD failed to notify them of the time limitations

connected with their rights to file claims for assistance based on structural defects. For

homeowners who purchased homes with loans from the FmHA, the USDA had the power to

identify structural defects and "make expenditures for (1) correcting such defects, (2) paying the

claims of the owner of the property arising from such defects, or (3) acquiring title to the

property." 42 U.S.C. § 1479(c).  The owner was required to request such assistance within

eighteen months after receiving financial assistance from the FmHA.   A caveat in the law is:

"Decisions by the Secretary regarding such expenditures or payments under this subsection, and

the terms and conditions under which the same are approved or disapproved, shall not be subject to judicial review."  Pursuant to 12 U.S.C. § 1735b, HUD similarly has the authority to make expenditures to correct or reimburse for structural or other major defects in mortgage homes.  As with FmHA, HUD's "decisions regarding such expenditures or payments, and the terms and conditions under which the same are approved or disapproved, shall be final and conclusive and shall not be subject to judicial review."  12 U.S.C. § 1735b(c).

Regulations were promulgated to effectuate FmHA's § 1479(c).  These regulations mandated that FmHA notify all borrowers by letter within 30 days after the loan closing or within 30 days after final inspection, whichever is later, concerning time frames for filing claims for assistance.  7 C.F.R. § 1924.258.  FmHA was also required to "notify and advise borrowers of the construction defects procedure at any time construction defects are apparent within the statutory time frame and favorable results cannot be obtained from the contractor."  Id.  As a further safeguard, the County Supervisor had to send a letter to the homeowner "in the second month preceding the expiration date of the first year of the warranty period" that would notify the homeowner of the expiration date of the first year of the warranty.  7 C.F.R. § 1924.12(d).

Plaintiffs rely on the mandatory nature of these regulations to argue that they create an enforceable obligation upon the FmHA which is judicially enforceable.  The Court agrees.  Judicial review is available when an administrative agency fails to follow procedures outlined in regulations, notwithstanding a judicial withdrawal statute.  Graham v. Caston, 568 F.2d 1092, 1097 (5th Cir. 1978);  Cash v. United States, 571 F. Supp. 513, 515 (N.D. Georgia 1983) (denying motion to dismiss claim for declaratory and injunctive relief for failure of FmHA to follow procedures for handling construction complaints and evaluating requests for

compensation made pursuant to 42 U.S.C. § 1479(c)).

Under the Administrative Procedure Act (APA), 5 U.S.C. § 702, however, the Court cannot award monetary damages, but only specific relief. For example, in Graham v. Caston, the Fifth Circuit Court of Appeals remanded for the district court to direct HUD to review plaintiffs' complaints when plaintiffs attacked HUD's failure to review and decide their claims filed under 12 U.S.C. § 1735b, rather than HUD's failure to make expenditures. 568 F.2d at 1097. In reliance on Graham, the court in Cash v. United States, denied a motion to dismiss a claim for declaratory and injunctive relief for FmHA's failure to follow procedures for handling construction complaints and evaluating requests for compensation made pursuant to 42 U.S.C. § 1479(c). 571 F. Supp. at 515.

Unlike the plaintiffs in Graham and Cash, in their Third Amended Complaint Plaintiffs do not ask for any form of specific relief, but seek only damages. The Court cannot award damages to Plaintiffs to compensate them for the government's noncompliance with the notification requirements without contravening Congress' mandate that the FmHA's and HUD's expenditures under 42 U.S.C. § 1479(c) and 12 U.S.C. § 1735b are not subject to judicial review. According to Plaintiffs, as a consequence of FmHA not notifying them of their right to file a claim based on structural defects in their homes, Plaintiffs did not file such claims, were not considered for assistance, and no expenditures were made. The ultimate question of damages, then, would requires determination of the amount of expenditures that would have been made had Plaintiffs filed a timely notice. This is the very question that the statutes preclude the Court from deciding. Therefore, even if the Court had jurisdiction under 28 U.S.C. § 1346(a)(2) or Plaintiffs had met the prerequisites for filing an FTCA claim, the Court could not award

damages.  Although Plaintiffs have stated a claim, it is not one for which the Court can grant the relief sought.

## VI.      Discrimination

In their Third Amended Complaint, Plaintiffs maintain: "FHA and HUD have discriminated against Plaintiffs and the citizens of the Virgin Islands due to their race, creed and/or national origin.  Third Am. Compl., ¶ 105.  The government moves for dismissal of this claim on various grounds.  The Court reads the Plaintiffs' decision not to present an opposition to this portion of the government's motion as a concession.

## VII.     Conclusion

Plaintiffs have not alleged an actionable claim against either HUD or the FmHA. Plaintiffs' claims for negligent warranty and communication of the results of their negligent inspection are barred by the misrepresentation exception to the FTCA.  Plaintiffs' claims for negligently inspecting and supervising the construction of their homes is barred by the discretionary function exception to the FTCA.  Plaintiffs state a viable claim that FmHA failed to comply with its regulations requiring that Plaintiffs receive timely notification of their rights to file claims for assistance.  However, the Court cannot afford them the relief that they have requested – damages – due to the judicial withdrawal statutes.   Plaintiffs concede their discrimination claim.  In sum, Plaintiffs have failed to present a claim against HUD or FmHA for which relief can be granted.

ENTER:

DATE:      November 7, 2007           _____/s/_____
                                                Honorable Raymond L. Finch
                                                District Court Judge